**Peterson v. State Farm Fire & Casualty Co.**

C.P. of Dauphin County, no. 2003-CV-4018-CV.

*Kathy M. Shughart,* for plaintiff.

*Lee E. Ullman* and *Curtis C. Johnson,* for defendant State Farm Fire & Casualty Co.

*Brooks R. Foland,* for defendant United Water of Pennsylvania Inc.

*Donald M. Lewis,* for defendant GMAC Mortgage Corp.

KLEINFELTER, *J.,* June 24, 2006—This action arises from an incident on September 18, 2002, when plaintiff's home suffered water damage as a result of defendant GMAC's (and other's) alleged negligence in failing to properly winterize the property during the pendency of a foreclosure proceeding.

Before the court presently is a preliminary objection filed by GMAC to plaintiff's complaint.[1] The objection asserts defective service of process and a failure to commence the petition within the applicable two-year limitations period.

A review of the record reveals the following. Suit was initiated by filing of a writ of summons on September

---

1. We previously granted a motion for judgment on the pleadings filed by defendant State Farm & Casualty Company (opinion filed December 7, 2005).

17, 2003, one day before the one-year anniversary of the incident.[2] The writ was reissued on June 7, 2004, and again on August 31, 2004. According to GMAC, none of these writs were ever served; however, plaintiff has a return of service completed by a private process server which reflects service of the third writ on GMAC on September 10, 2004. The writ was purportedly handed to a "sales assistant" in a local GMAC office.

A complaint was filed on October 20, 2004, and served by regular mail since, according to plaintiff's counsel, she believed the reissued writ had been served by sheriff on or about September 10, 2004. Although the complaint was not formally served on GMAC, a copy was mailed to and received by them sometime between October 20 and November 2, 2004. On November 2, 2004, counsel for GMAC wrote to plaintiff seeking an extension of time to file an answer and, in exchange, to waive the defect in service. Plaintiff did not respond.

On November 9, 2004, GMAC sent a second letter renewing its offer of November 2; again, plaintiff did not respond. Plaintiff asserts in her brief that she took no further action, such as moving for default judgment, in reliance on the offer to waive defective service and GMAC's stated intention to file a response.

On July 21, 2005, defendant filed the present preliminary objections. These were assigned to this court on January 4, 2006. Plaintiff filed a response to application for further order dismissing plaintiff's complaint for

---

2. An insurance policy issued to plaintiff by defendant State Farm Fire and Casualty Company contained a one-year suit limitation clause.

failure to plead in response to verified preliminary objections on February 1, 2006.[3] We denied the application by order dated February 2, 2006. As indicated earlier, briefs were filed and oral argument received on April 27, 2006.

## LEGAL DISCUSSION

The Pennsylvania Rules of Civil Procedure are rather clear concerning the service of original process:

"(a) Except as provided in subdivisions (b) and (c) and in Rules 400.1 and 1930.4, *original process shall be served within the Commonwealth only by the sheriff.*" Pa.R.C.P. 400. (emphasis added)

In this case, to this day, none of the three writs of summons nor the complaint, have ever been served on GMAC by the sheriff. Service by a private process server, *Dubrey v. Izaguirre,* 454 Pa. Super. 504, 685 A.2d 1391 (1996) or by certified mail, *Cahill v. Schults,* 434 Pa. Super. 332, 643 A.2d 121 (1994) is invalid.

This case is not unlike that of *Winfield v. Shah,* 117 Dauphin Rep. 334 (1997). The issue therein was whether the statute of limitations was tolled by a "good faith effort" to effect service. Service had been attempted by first class mail. A complaint was subsequently served by the sheriff but after the statute had expired. In our opinion we discussed at some length those cases decided following *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). We concluded:

---

3. On January 5, 2006, we had ordered plaintiff to file an answer to GMAC's preliminary objections.

"At a minimum, the good faith effort requirement in *Lamp* mandates compliance with the Pennsylvania Rules of Civil Procedure and local rules. (citation omitted) Under the Pennsylvania Rules of Civil Procedure original service in a civil action . . . may only be made by sheriff. Pa.R.C.P. 400." *Id.* at 337; see also, *Teamann v. Zafris*, 811 A.2d 53 (Pa. Commw. 2002) (to satisfy good faith requirement strict compliance with rules of procedure is required).

GMAC also argues that even were service by a process server or first class mail to be valid, Pa.R.C.P. 424 requires service on a corporation to be made by hand delivery to:

"(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation . . . in writing to receive service of process for it."

In our case, the process server is alleged to have handed a copy of the reissued writ of summons to a "sales assistant" in a local GMAC office. We have no way of knowing whether this person was "for the time being in charge" since the record is silent on the identity and position of the person served. Since effective service is not presumed, plaintiff has the burden of proof once an objection has been raised. They have failed to meet this burden.

We turn briefly to the issue of waiver, since GMAC, on at least two occasions, offered to excuse the defect in service in exchange for an extension of time to file an

answer. Since these offers were never accepted (or ever responded to) by plaintiff, there can be no agreement regarding waiver.

Notwithstanding the foregoing, plaintiff suggests that technical violations of the rules are of no moment if GMAC had "actual knowledge" of the suit within the time prescribed by the statute of limitations and was not prejudiced in any manner. For this proposition we are directed to *McCreesh v. City of Philadelphia*, 585 Pa. 211, 888 A.2d 664 (2005).

In that case, plaintiff commenced his litigation by filing a praecipe to issue a writ of summons two days before expiration of the applicable two-year statute of limitations. The writ was served by certified mail, which was signed for by defendant. Shortly less than three months later, plaintiff filed his complaint as well as a request for reissuance of the writ. These were properly served on defendant.

The trial court denied defendant's preliminary objections based on improper service of the original writ concluding that the certified mail service constituted "good faith." On review, relying on *Teamann, supra,* and *Williams v. SEPTA,* 137 Pa. Commw. 163, 585 A.2d 583 (1991), the Commonwealth Court reversed. The Pennsylvania Supreme Court granted review.

Justice Baer, writing for the four-justice majority,[4] reviewed the diverse opinions of the Superior and Com-

---

4. Joining Justice Baer were Cappy, C.J.; Castille, J.; and Saylor, J. Dissenting were Newman, J.; Eakin, J.; and Nigro, J.

monwealth Courts, which "have struggled to apply the *Lamp-Farinacci* rule, with some panels requiring plaintiffs to comply strictly with the Rules of Civil Procedure related to service . . . in order to satisfy the good faith requirement . . . and other panels providing a more flexible approach . . . where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced . . . . We now adopt the more flexible approach . . . ." *McCreesh, supra* at 666. (additional citations omitted) (footnote omitted)

The court concluded:

"Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statue of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of the *Leidich* line of cases, which, applying *Lamp,* would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiff's failure to comply with the Rules of Civil Procedure has prejudiced defendant." *Id.* at 674. (footnote omitted)

In an attention-getting footnote, the court added:

"Additionally, we note that there may be situations where actual notice may not be absolutely necessary so long as prejudice did not result, but we need not delineate such an exception here because the issue is not before us." *Id.* at 674 n.20.

We will now attempt to apply *McCreesh* to the case sub judice. In doing so, however, we will first decline plaintiff's invitation to apply a "prejudice test." In the first place, it is clear that the references to a prejudice

inquiry in *McCreesh* are strictly dicta. Secondly, we would predict that adoption of such a test could ferment procedural pandemonium. Its effect would be to signal the bar that our rules of procedure mean little and may be completely disregarded unless some "prejudice" results. Our rules of procedure are designed to bring order and certainty to the practice; a "prejudice" test would assure procedural anarchy and guarantee endless litigation to hone a meaning for such a diaphanous term as "prejudice."[5]

So, placing "prejudice" aside, we turn to what we believe to be the principal holding of *McCreesh;* namely, that strict compliance of the rules regarding service is not required so long as the defendant has "actual notice" of the lawsuit. In other words, the mechanism of service required by Pa.R.C.P. 400 is of no moment if "actual notice" is somehow accomplished. Similarly, *McCreesh* suggests that service within 30 days as required by Rule 401—or reissuance and service within the applicable time (30 days) is also of no moment, unless plaintiff engages in "a course of conduct which serves to stall in its tracks the legal machinery." *Lamp,* 469 Pa. at 478, 366 A.2d at 889.

In the case before us, the first writ, issued on September 17, 2003, was never served. It was not reissued until some nine months later on June 7, 2004. This writ was never served. The third writ, issued on August 31, 2004,

---

5. In the case at bar, no hearing or argument was developed on the issue of prejudice to GMAC. At the least, they would be prejudiced by being unable to assert a defense of statute of limitations.

was apparently served on September 10, 2004—but contrary to the rule—by a private process server. Defendant denies receiving this writ and we find that GMAC had no "actual notice" of the service of this writ. That brings us to the complaint, filed on October 20, 2004. This complaint was served by regular mail and it is this document that GMAC acknowledges receiving sometime between October 20 and November 2, 2004. Thus, the first date on which "actual notice" may be deemed to have been effected falls between these two dates.

Even were we to give plaintiff the benefit of October 20, 2004, as an "actual notice" date, this date is two years and two months past the incident of water damage (September 18, 2002). Significantly, it was not until after October 20 that there was any communication between plaintiff's counsel and GMAC's counsel. Even then, it was GMAC's counsel that initiated correspondence, which, incidentally, remains unanswered to this date.

In conclusion, we find that plaintiff's conduct in this case fails to pass muster under *Lamp v. Heyman*. The long delays in reissuing the writs, without proper service and return, did stall the legal machinery and progress of this case. Moreover, the "flexible approach" adopted in *McCreesh* does not seem to extend to a case such as this in which plaintiff *never* complies with the rules relating to service. As the *McCreesh* majority made clear:

"We observe that in every case applying *Lamp,* including the case sub judice, the plaintiff eventually complied

with the Rules of Civil Procedure and formally served the defendant with process. Indeed, without this eventual service jurisdiction could never attach, and any particular case would never be litigated through the courts. [citing *Sharp, supra*] The question in these cases is whether a plaintiff's claim will be dismissed because the plaintiff's initial attempts at service do not technically comply with the rules. *We do not address the situation where a plaintiff never complies with the Rules of Civil Procedure relating to service."* 888 A.2d at 666 n.1. (emphasis added)

The only remaining issue is whether we should simply sustain the preliminary objection to improper service, and dismiss the complaint, or should we also rule on the defense of statute of limitations. Normally, to raise the bar of statute of limitations, the defense should be pleaded affirmatively under "new matter." See Pa.R.C.P. 1030.

Here, however, it is clear that even the improperly served complaint which provided "actual notice" was filed after the expiration of the two-year statute of limitations. See 42 Pa.C.S. §5524. Accordingly, our order sustaining GMAC's preliminary objections and dismissing the complaint will be with prejudice.

### ORDER

And now, June 21, 2006, upon consideration of the preliminary objections filed by defendant GMAC, it is hereby ordered that the preliminary objections are sustained and the complaint is dismissed with prejudice.