IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Rosenberry, : 
               Petitioner : 
           : 
        v. : 
           : 
Workers' Compensation Appeal : 
Board (Ramsey Construction, LLC), : No. 67 C.D. 2017
            Respondent : Submitted: May 26, 2017


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE              FILED:  December 20, 2017


       Scott Rosenberry (Petitioner) petitions this Court for review of a December 29, 2016 order of the Workers' Compensation Appeal Board (Board) denying his review petition. Upon review, we vacate and remand for further proceedings.

       Petitioner suffered a work injury on June 6, 2012 and subsequently filed a claim petition. Petitioner's injury was acknowledged through a Temporary Notice of Compensation Payable (TNCP), which described the injury as mid-to-low back sprain/strain. Petitioner's employer, Ramsey Construction, LLC (Employer), later issued a medical only NCP while Petitioner's initial claim petition was pending. Petitioner amended his claim petition to be a reinstatement petition and also filed a review petition seeking amendment of the description of injury to include a thoracic

disc herniation as he had alleged in his initial claim petition. (Board's Opinion, 12/29/16, at 1.)

Workers' Compensation Judge (WCJ) Briston granted Petitioner's reinstatement petition on August 27, 2013, but did not specifically rule on the review petition. WCJ Briston did, however, find Petitioner's injury was a thoracolumbar myoligamentous sprain/strain in her findings of fact. *Id.*

On April 23, 2014, Employer filed a termination petition alleging Petitioner had fully recovered from his injury as of March 17, 2014. Petitioner filed a review petition on November 20, 2014 alleging an incorrect injury description and requesting the NCP be amended to include a thoracic disc herniation. Employer denied all material allegations and raised the defense of *res judicata*, arguing a prior WCJ decision already addressed the alleged additional injuries.

On September 11, 2015, WCJ Eader denied Employer's termination petition and granted Petitioner's review petition, concluding *res judicata* did not apply since the prior decision did not adjudicate this review petition and, therefore, the entire matter had not been litigated to a final decision on the merits. The Board, however, concluded that, although the WCJ's decision did not include a conclusion of law concerning the review petition, the decision did include a finding that Petitioner's injury was only a thoracolumbar myoligamentous sprain/strain. Therefore, technical res judicata precluded Petitioner's request to amend the description of his work injury.

Petitioner appeals the decision of the Board to this Court alleging 1) "[t]he Board erred in concluding Petitioner's request to modify his description of injury was barred by *res judicata*" and 2) "[t]he Board erred in rejecting Petitioner's argument that the injury-related nature of his thoracic disc herniation was established

2

by the passage of two years from the date of injury without medical improvement." (Petitioner's Brief at 2.)

## DISCUSSION

A review petition may be sought when the employee seeks to amend an NCP to reflect additional injuries. *Westinghouse Electric Corp./CBS v. Workers' Compensation Appeal Board (Korach)*, 883 A.2d 579 (Pa. 2005). *Res judicata* "prevents the re-litigation of claims and issues in subsequent proceedings." *Channellock, Inc. v. Workers' Compensation Appeal Board (Reynolds)*, 72 A.3d 731, 738-39 (Pa. Cmwlth. 2013). As such, "when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded." *Id*. at 739.

Petitioner argues that because WCJ Briston failed to address his initial petition in her order, the petition was neither granted nor denied. Therefore, there was no final adjudication on the merits and *res judicata* cannot apply. (Petitioner's Brief at 12.)

The Board found that Claimant previously filed a review petition during prior litigation before WCJ Briston requesting that a thoracic disc herniation be included in the description of his injury. The Board noted that while WCJ Briston's August 27, 2013 decision and order did not include a ruling on the review petition, "she specifically described Claimant's injury as thoracolumbar myoligamentous sprain or strain." (Board's Opinion at 3.) Further, the Board concluded "[a] review of WCJ Briston's decision indicates she clearly addressed the evidence pertaining to the injury alleged in Claimant's review petition." *Id.*

3

In its brief, Employer admits that WCJ Briston did not issue a conclusion of law or address the earlier review petition in her order. Employer, like the Board, nonetheless alleges the WCJ's intention was clear as testimony had been taken regarding the description of Petitioner's injury. Therefore, Employer argues there is no question Petitioner had the opportunity to fully litigate this issue.

Application of *res judicata* requires a certainty not present herein. On the record before us, we cannot say that WCJ Briston adequately addressed the issues so as to not "reserv[e] the drastic measure of dismissal ..." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 673 (Pa. 2005). As such, we are compelled to vacate and remand to the Board with direction to remand to the WCJ for appropriate findings and conclusions so as to determine whether *res judicata* should preclude the claims at issue.

_____
JOSEPH M. COSGROVE, Judge

4

Scott Rosenberry, : 
                 Petitioner : 
                 : 
        v. : 
                 : 
Workers' Compensation Appeal : 
Board (Ramsey Construction, LLC), :     No. 67 C.D. 2017
               Respondent : 

## O R D E R

AND NOW, this 20th day of December, 2017, the Order of the Workers'
Compensation Appeal Board is vacated and this matter is remanded for proceedings
consistent with this opinion.  Jurisdiction is relinquished.

_____
JOSEPH M. COSGROVE, Judge