J-S76026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MEGAN PEARCE AND DAVID PEARCE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| DENETTE JONES | |
| Appellee | No. 986 WDA 2014 |

Appeal from the Order Entered May 23, 2014
In the Court of Common Pleas of Jefferson County
Civil Division at No(s): 427-2013-CD

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 30, 2015**

Appellants David and Megan Pearce, husband and wife, appeal from the order granting summary judgment to Appellee Denette Jones, entered by the Honorable John H. Foradora, Court of Common Pleas of Jefferson County.  After careful review, we affirm.

This case arises from a motor-vehicle accident that occurred on May 30, 2011.  The Pearces allege that Jones ran through a stop sign before striking the vehicle they were in, causing them both injuries.

On May 28, 2013, the Pearces filed a complaint asserting that Jones's negligence had caused their injuries.  However, no attempt was made to procure service of the complaint on Jones.  The Pearces' counsel notified Jones's insurer of the fact that he had been retained.  After receiving acknowledgment of receipt of the notice from Jones's insurer, Pearces'

counsel e-mailed a copy of the filed complaint to the insurer on August 22, 2013.

On September 25, 2013, the Pearces attempted to file a praecipe to have the complaint reinstated, but failed to include the required fee to the Prothonotary. Thereafter, on November 8, 2013, the Pearces filed a praecipe to reinstate the complaint. The reinstated complaint was not served upon Jones, as the sheriff's return indicated that the address was incorrect.

The Pearces obtained new counsel, and on January 24, 2014, they again praeciped to have the complaint reinstated. This time, the sheriff successfully served the reinstated complaint upon Jones as indicated by the sheriff's return of service filed January 28, 2014. After filing an answer, Jones filed a motion for summary judgment, asserting that the Pearces had failed to satisfy the good-faith effort at procuring service under the *Lamp*[1] rule. The trial court granted Jones's motion for summary judgment, and this timely appeal followed.

On appeal, the Pearces first argue that the trial court erred in finding that they had not satisfied the *Lamp* rule. This Court has previously described the rule in the following terms:

> It is well settled in this Commonwealth pursuant to [*Lamp*] and
> ***Faranacci v. Beaver County Industrial Development***

_____

[1] ***Lamp v. Heyman***, 366 A.2d 882 (Pa. 1976).

> *Authority*, … 511 A.2d 757 ([Pa.] 1986), that service of original process completes the progression of events by which an action is commenced. Once an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service. What constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis. Where noncompliance with *Lamp* is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made.

*Englert v. Fazio Mechanical Services, Inc.*, 932 A.2d 122, 124 (Pa. Super. 2007) (internal citations and some quotation marks omitted). A determination that a plaintiff has not acted in good faith is committed to the discretion of the trial court, and will not be disturbed on appeal absent an abuse of that discretion. *See McCreesh v. City of Philadelphia*, 888 A.2d 664, 672 (Pa. 2005).

In the instant case, the trial court found that there was no evidence of *any* effort by the Pearces to provide timely service of the complaint upon Jones. A review of the certified record on appeal reveals ample support for the trial court's finding. There is no indication that the Pearces requested service of the complaint by the sheriff when it was initially filed. Nor is there any evidence that the Pearces provided a copy of the complaint to Jones by any other manner until August 22, 2013, when a copy of the complaint was e-mailed to a claims adjuster at Jones's insurer.

Additionally, there is no evidence that Jones had actual notice of the complaint prior to August 22, 2013. The Pearces argue that an e-mail from the adjuster establishes that Jones had actual notice of the litigation. Even

- 3 -

assuming that the adjuster qualifies as Jones's agent for actual notice purposes, we note that the copy of the e-mail included in the certified record does not support the Pearce's argument.

Actual notice of the potential for litigation is not sufficient; a defendant must have actual notice of the commencement of litigation to satisfy the *Lamp* rule. *See McCreesh*, 888 A.2d at 672, n. 17. The e-mail from the adjuster acknowledged nothing more than "receipt of your letter of representation." This was not an acknowledgment that the insurer was aware of the commencement of litigation, merely that counsel had been retained. Therefore, we conclude that the trial court did not abuse its discretion in finding that the Pearces had not satisfied the good-faith effort requirement of *Lamp*.

In the alternative, the Pearces contend that the trial court erred in failing to consider whether Jones suffered any prejudice. Initially, we note that the Pearces do not cite to any authority in support of this argument. *See* Appellants' Brief, at 14. In any event, we agree with the trial court that an inquiry into prejudice was unnecessary under the circumstances. Since the Pearces did not establish that they had engaged in a good-faith effort to secure service upon Jones in a timely manner, that service was not procured within the statute of limitations, and that there was no actual notice of the commencement of litigation in this matter, there was no need to consider whether Jones suffered any prejudice.

Order affirmed.  Jurisdiction relinquished.

President Judge Emeritus Ford Elliott joins in the memorandum.

Judge Olson files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2015