J-S32019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS SEPHAKIS, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THE SUNNYBROOK FOUNDATION | : | |
| | : | |
| Appellant | : | No. 3704 EDA 2018 |

Appeal from the Order Entered November 16, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 13-30212

BEFORE: SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:             **FILED SEPTEMBER 10, 2019**

Appellant The Sunnybrook Foundation appeals from the order granting the motion for summary judgment filed by Appellee Thomas Sephakis, Jr. Appellant contends the trial court erred because (1) Appellee's motion failed to meet the standard required for summary judgment, (2) Appellee's motion failed to conform to Montgomery County local rules, (3) the trial court granted summary judgment based on "no response" filed by Appellant, and (4) the trial court failed to issue a rule to show cause. For the following reasons, we affirm.

On July 16, 2007, Appellee lent Appellant $50,000 via a promissory note, which required full repayment within one year. Ex. A to Appellee's Compl., 10/4/13. Appellant failed to timely repay, and Appellee filed a complaint seeking judgment on the note. Appellant filed an answer and new matter alleging, among other things, that (1) it did not approve the promissory

note, (2) Appellee did not fulfill his obligations under the note, and (3) a lack of consideration.

On June 16, 2017, Appellee served requests for admission on Appellant, which did not respond. As a result, on August 11, 2017, Appellee filed a motion to deem his requests for admissions as admitted. Appellant again did not file a response, and on October 18, 2017, the trial court granted Appellee's motion.

Subsequently, on September 26, 2018, Appellee electronically filed a motion for summary judgment. Appellee, however, did not file a certificate of service.[1] Appellee's motion asserted that based on facts admitted by Appellant, he was entitled to summary judgment. Appellant did not file a response. On November 16, 2018, the trial court ordered as follows:

> And now this 16th day of November, 2018, upon consideration of [Appellant's] motion for summary judgment, supporting brief, and no response by [Appellant], it is hereby ordered and decreed that [Appellee's] motion is granted and the prothonotary is directed to enter judgment in favor of [Appellee] and against [Appellant] in the amount of $86,126.70.

Order, 11/16/18.

---

[1] We note that the trial court's docket, which was not transmitted to this Court as part of the certified record but was attached to Appellant's notice of appeal, reflects that counsel receives notice when a document is filed. **See also** Order, 12/4/18, at 1 n.1 (stating, "the docket indicates that [Appellant's] attorney participates in the [trial] [c]ourt's electronic filing program, so that electronic service would have been automatically generated upon the filing of the [motion for summary judgment]").

Appellant filed a motion for reconsideration on November 26, 2018, which the trial court denied on December 4, 2018. Order, 12/4/18. Appellant timely appealed from the trial court's November 16, 2018 order and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises four questions on appeal, which we reordered as follows:

[1.] Whether the trial court committed an error of law or abused its discretion in granting Appellee's Motion for Summary Judgment since said motion failed to confirm to Pa.Mont.C.P. Local Rule 1035.2(1)(b)(4)?

[2.] Whether the trial court committed an error of law or abused its discretion in granting Appellee's Motion for Summary Judgment since a rule to show cause was never issued by the court establishing a date by which Appellant had to file a response to said motion?

[3.] Whether the trial court committed an error of law or abused its discretion in granting Appellee's Motion for Summary Judgment on the basis that there was "no response by [Appellee]" to said motion?

[4.] Whether the trial court committed an error of law or abused its discretion in granting Appellee's Motion for Summary Judgment since said motion failed to meet the standard required for summary judgment?

Appellant's Brief at 4.

We summarize Appellant's first three arguments together. First, Appellant argues that Appellee failed to conform to Montgomery County Local

Rule 1035.2(1)(b)(4).[2] *Id.* at 11. Specifically, Appellant asserts that under

that rule, Appellee was required to file a certificate of service stating that the

motion and associated documents were served on Appellant. *Id.* at 11-12.

Second, Appellant faults the trial court for not issuing a rule to show cause

---

[2] Montgomery County Local Rule of Civil Procedure 1035.2 states as follows:

> **(1) Filing.** After the relevant pleadings are closed, and prior to the filing of a trial Praecipe, but within such time as not to unreasonably delay trial, any party may file a motion for summary judgment:
>
> (a) in accordance with Pa.R.C.P. 1035.2,
>
> (b) along with:
>
>                *      *      *
>
>     (4) a certificate of service.
>
> **(2) Response.** An answer to a motion for summary judgment is required from the adverse parties:
>
> (a) in accordance with Pa.R.C.P. 1035.3,
>
> (b) within thirty (30) days of the service of the motion . . . .

Pa. Mont. Cty. R. Civ. P. 1035.2(a)(1)-(2). "If the brief of either party is not timely filed, either in accordance with this Rule or by order of the Court," Montgomery County Local Rule 1035.2(a)(4) provides that the court may "[g]rant the requested relief where the respondent has failed to comply . . . . Nothing precludes the assigned Judge from dismissing the matter on its merits." Pa. Mont. Cty. R. Civ. P. 1035.2(a)(4); *see also* Pa.R.C.P. 1035.3(d) ("Summary judgment may be entered against a party who does not respond").

under Montgomery County Local Rule 208.3(b)(2).[3] *Id.* at 13-14.  Appellant

reasons that the "trial court's failure should not be held against Appellant."

*Id.* at 14.  By extension, Appellant argues that because it was not properly

served, the trial court should not have granted summary judgment on the

basis that Appellant did not file a response.  *Id.* at 13.  Third, Appellant

reasons that because Appellee failed to file a certificate of service, the trial

court should not fault Appellant for not filing a response.  *Id.* at 13-14.

Our standard of review for summary judgment is well-settled:

> In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court.  Our Supreme Court has stated the applicable standard of review as follows:
>
>> [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be

---

[3] This rule states as follows:

> **(2) Listing.** Excepting motions for sanctions or contempt of a prior court order, the Court Administrator shall fix promptly a return day which shall not be less than twenty (20) days from the date of filing of said motion, and the moving party shall forthwith serve the respondent with a copy of motion and the cover sheet indicating the return day thereon.  The moving party shall thereafter file a certification that the motion and rule return date were served upon all parties . . . .

Pa. Mont. Cty. R. Civ. P. 208.3(b)(2).

resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Jones v. Levin*, 940 A.2d 451, 453-54 (Pa. Super. 2007) (citations and footnote omitted). "[T]o the extent that we are required to interpret a rule of civil procedure, our standard of review is *de novo*, and our scope of review is plenary." *Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity*, 32 A.3d 800, 808 (Pa. Super. 2011) (citation and quotation marks omitted).

Initially, Pennsylvania Rule of Civil Procedure 126 states:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126.

Pennsylvania Rule of Civil Procedure 208.1 states that the rules enacted in Chapter Two do not apply to motions for summary judgment. Pa.R.C.P. 208.1(b)(1)(ii). Pennsylvania Rule 208.3(b) provides as follows, "(b) A court, by local rule, numbered Local Rule 208.3(b), may impose requirements with respect to **motions listed in the rule** for the filing of a response, a brief or

both." Pa.R.C.P. 208.3(b) (emphasis added). As quoted above, Montgomery County enacted Local Rule 208.3(b)(2).

Instantly, there is no dispute that Appellee failed to file a certificate of service. **See** Pa. Mont. Cty. R. Civ. P. 1035.2(a)(1)-(2). Appellant, however, does not argue that it lacked actual notice of the motion for summary judgment or that its substantial rights were affected by Appellee's failure. **See** Pa.R.C.P. 126. Accordingly, Appellant has not established entitlement to relief. **Cf. McCreesh v. City of Phila.**, 888 A.2d 664, 674 (Pa. 2005) (holding, that "[n]either our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice" of the lawsuit notwithstanding procedurally defective service). By extension, Appellant's derivative argument that the trial court erred by granting summary judgment because it did not file a response lacks merit.

With respect to Appellant's argument that the trial court failed to comply with Local Rule 208.3(b)(2), Appellant is incorrect. As noted above, the rules set forth in Chapter Two of the Pennsylvania Rules of Civil Procedure do not apply to motions for summary judgment. **See** Pa.R.C.P. 208.3(b). Therefore, the trial court properly held that it was not required to issue a rule returnable under Local Rule 208.3(b)(2). **See id.**

Appellant's last argument is that the trial court should have denied Appellee's motion for summary judgment because Appellant identified

material issues of fact in its answer to Appellee's complaint. Appellant's Brief at 10. Appellant claims that Appellee's requests for admissions did not address its contentions that Appellant did not approve the promissory note and Appellee "did not perform as required in order to collect on said note." *Id.*

It is well-settled that summary judgment may be granted if a party does not file a response in opposition. *See* Pa.R.C.P. 1035.3(d). Moreover, "the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response . . . ." Pa.R.C.P. 1035.3(a). Instantly, Appellant failed to file a response, and therefore the trial court was entitled to grant summary judgment. *See* Pa.R.C.P. 1035.3(d). Moreover, Appellant failed to oppose Appellee's motion to deem admitted Appellee's requests for admissions. Accordingly, the trial court granted Appellee's motion because Appellant admitted facts upon which summary judgment could be granted. Furthermore, Appellant cannot rely on its denials to Appellee's complaint in opposing Appellee's summary judgment motion. *See* Pa.R.C.P. 1035.3(a). For these reasons, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/10/19</u>