J-A01041-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERICA PRINCE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| UBER TECHNOLOGIES, INC D/B/A | : | |
| UBER, UBER USA, LLC., UBER INC., | : | |
| UBER, COSMOS MANU, AND GEGEN | : | |
| LLC., | : | |
| | : | |
| Appellees | : | No. 1188 EDA 2020 |

Appeal from the Order Entered March 10, 2020
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 181003162

BEFORE:    BENDER, P.J.E., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY OLSON, J.:                        Filed: July 8, 2021

Appellant, Erica Prince, appeals from the order entered on March 10, 2020, granting summary judgment in favor of Cosmos Manu (Manu).  Upon review, we affirm.

The trial court summarized the facts and procedural history of this case as follows:

> This matter revolves around a vehicular crash that occurred on October 23, 2016[,] involving [Appellant] and … Manu[.]
>
> [Appellant] has worked at [Southeastern Pennsylvania Transportation Authority (SEPTA)] for four years as a bus operator.  At the time of the accident, she worked full-time and rotated between day and night shifts.  On October 24, 2016, she was operating a SEPTA bus on Route 115, from Delaware County Community College to Philadelphia International Airport.  She was traveling in the left lane and … Manu was traveling in the right lane.  Both vehicles turned right at a traffic light

*Retired Senior Judge assigned to the Superior Court.

intersection, and … Manu impacted the front passenger side of [Appellant's] SEPTA bus.

[Appellant] was taken to the hospital in an ambulance. After leaving the hospital that day, she received … Manu's name and address from her supervisor in order to complete an internal SEPTA incident report. In addition, the accident was investigated by the Pennsylvania State Police who issued a police report that identified … Manu as the operator of the involved vehicle.

[Appellant] filed a writ of summons on October 23, 2018, one day before the expiration of the statute of limitations, against Uber Technologies I[nc]. and "yet to be identified Uber driver, African American male driving dark colored 4-door Uber vehicle impacting S[EPTA] bus driven by Plaintiff, Erica Prince on October 24, 2016 in the proximity of Philadelphia International Airport." [Appellant's] writ of summons[, 10/23/18]. … Manu was not served the writ of summons until November 5, 2018, twelve days after the statute of limitations had expired.

On December 12, 2018, [Appellant] filed an initial complaint, again using the unnamed, descriptive defendant designation. Therein, she alleged claims of negligence and vicarious liability. … Manu filed preliminary objections to the initial complaint on May 24, 2019, claiming that he was not named a defendant in the initial complaint or writ of summons before the statute of limitations had expired. On May 29, 2019, [Appellant] filed a petition for leave to amend the initial complaint pursuant to Pa.R.C.P. No. 1033(b). On June 12, 2019, [Appellant] responded to … Manu's preliminary objections. … Manu responded to [Appellant's] petition for leave on June 18, 2019, asserting the statute of limitation[s] had [expired]. On August 7, 2019, the [c]ourt granted leave for [Appellant] to amend the complaint.

[Appellant] subsequently filed an amended complaint on August 19, 2019[,] that changed the "yet to be identified Uber driver" designation to Cosmos Manu. On September 12, 2019, … Manu answered [Appellant's] amended complaint, asserting the statute of limitations had [expired] and adding a new matter of "limited tort" liability. On January 28, 2020[,] Manu filed a motion for summary judgment on the grounds that he had not been named a party within the two-year statute of limitations. On February

27, 2020[, Appellant] replied to [Manu's] motion for summary judgment, arguing that Pa.R.C.P. No. 1033(b) allowed the amended complaint to relate back to the initiation of the writ of summons on October 23, 2018.

Trial Court Opinion, 8/17/2020, at 1–3 (headings, miscellaneous capitalization, and some citations omitted). On March 10, 2020, the trial court granted Manu's motion for summary judgment and dismissed all claims against him with prejudice. This timely filed notice of appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues for our review:

1. Whether the trial court erred and/or abused its discretion in granting the summary judgment in favor of … Manu and dismissing all claims against him, with prejudice pursuant to Pa. R. Civ. P. 1032 as a result of [Appellant's] failure to join … Manu as an indispensable party prior to the expiration of the applicable statute of limitations[?]

2. Whether the trial court erred and/or abused its discretion in granting summary judgment in favor of …Manu and dismissing all claims against him, with prejudice based upon the expiration of the applicable statute of limitations, where: (1) the trial court previously considered and rejected an identical argument raised by … Manu in opposition to [Appellant's] petition for leave to file an amended complaint; and (2) when the court granted [Appellant] leave to [a]mend her complaint and she did so, said amended complaint related back to the date of the commencement of the case, October 23, 2018, which was prior to the expiration of the applicable statute of limitations.

Appellant's Brief at 3–4 (answers and miscellaneous capitalization omitted).[1]

---

[1] Preliminarily, Appellant argues that she never utilized a "'John Doe Defendant' in this matter and never sought to use the procedures found in [Pa.R.C.P.] 2005 or the amended Rule 1033(c) as the basis for the

*(Footnote Continued Next Page)*

- 3 -

Appellant argues the trial court erred in granting summary judgment based on Rule 1032 where Manu was joined as a party after the trial court granted Appellant's petition for leave to amend her complaint and Appellant subsequently filed an amended complaint designating Manu as a defendant by name. *Id.* at 16–19. Additionally, pursuant to Rule 1033(b), Appellant argues she was permitted to relate the amended complaint back to the original commencement of the action. *Id.* at 19–22.

Our Supreme Court has stated:

Our review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, [s]he may not merely rely on [her] pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to [her] case and on which [she] bears the burden of proof establishes the entitlement of the moving party

*(Footnote Continued)* ―――――――――――

amendment to her Complaint." Appellant's Brief at 15 (footnote omitted). Rule 2005 provides the circumstances under which a plaintiff may use a Doe designation for an unknown defendant; however, such designations may not be used in an action commenced by a writ of summons. *See* Pa.R.C.P. 2005 & Note. Rule 1033(c) provides the procedure for "[a]n amendment substituting the [actual] name of a defendant for a Doe designation as provided in Rule 2005[.]" Pa.R.C.P. 1033(c). Rule 2005 and subsection (c) of Rule 1033 became effective in 2019, after Appellant commenced the instant action. Thus, these rules do not apply to the instant action.

to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Murphy v. Duquesne University of the Holy Ghost***, 777 A.2d 418, 429 (Pa. 2001) (citations, quotations, and ellipses omitted).

In Pennsylvania, claims of negligent or tortious conduct must be commenced within two years. 42 Pa.C.S. § 5524(7).

A matter "is commenced" when a "document embodying the matter" is filed in the appropriate office. ***See*** [42 Pa.C.S.] § 5503. Moreover, the Rules of Civil Procedure promulgated by [our Supreme] Court pursuant to Article V, Section 10(c) of the Pennsylvania Constitution provide that "[a]n action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint." ***See*** Pa.R.C.P. 1007.

***McCreesh v. City of Philadelphia***, 888 A.2d 664, 671 (Pa. 2005). Appellant commenced the instant action by filing a writ of summons one day before the statute of limitations expired. It is undisputed that, although Appellant was aware of Manu's name and address, she used a description of him instead of his name.

The relevant portion of Rule 1032(b) provides that "whenever it appears … that there has been a failure to join an indispensable party, the court shall order … that the indispensable party be joined, but if that is not possible, then it shall dismiss the action." Pa.R.C.P. 1032(b). At the time Appellant filed her writ of summons, Rule 1033 provided in pertinent part as follows:

(b) An amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.C.P. 1033(b). The Explanatory Comment for the 2017 amendment to Rule 1033 provides the following example:

Harry Roberts, who resides at 949 Alcoma Street, Pittsburgh, PA, was the driver of an automobile which struck the plaintiff when he was crossing the intersection at Grant and Forbes Street, Pittsburgh, PA, at approximately 11:00 a.m. on October 11, 2013. The plaintiff's complaint, filed on October 2, 2015, mistakenly identifies the driver as Henry Rosen. He is the only named defendant in the complaint.

On October 7, 2015, the Sheriff made service by serving Mary Roberts at 949 Alcoma Street, Pittsburgh, PA. She is described in the Sheriff's Return as the wife of the defendant. On January 2, 2016, the complaint is amended to correct "Henry Rosen" to "Harry Roberts."

The amendment of Rule 1033 expressly permits the plaintiff to amend the complaint to correct the name of the defendant to Harry Roberts, because it is clear from the body of the complaint that the plaintiff was suing the driver of the automobile which struck the plaintiff and service of the complaint furnished sufficient notice to Harry Roberts that a lawsuit has been initiated against him for actions he is liable for even though the defendant is identified on the complaint as Henry Rosen. This is consistent with existing case law and codifies current practice.

Pa.R.C.P 1033 (Explanatory Comment -- 2017).

The trial court stated in its Rule 1925(a) opinion that it granted Manu's

"motion for summary judgment not because of a failure to commence the

lawsuit within the statute of limitations but, rather, because … Manu was an indispensable party and was not properly joined within the two-year statute of limitations." Trial Court Opinion, 8/17/2020, at 4. The trial court concluded that "the amended complaint filed by [Appellant] on August 19, 2019[,] does not relate back to the October 23, 2018 Writ of Summons. Because the amendment is not a correction, it is not governed by Rule 1033(b). Rather, it is a substitution of a Doe designation[.]" *Id.* at 6.

Upon review, we conclude that the trial court did not err in granting summary judgment in favor of Manu and dismissing the action against him. Appellant received Manu's name and address the same day as the accident so that she could include it in her SEPTA incident report. Motion for Summary Judgment, 1/28/2020, at Exhibit D (Appellant's Deposition, 1/7/2020, at 32, 35). Nonetheless, Appellant chose to utilize a pseudo-Doe designation in her writ of summons, filed one day before the statute of limitations expired, and did not substitute Manu's name until well after the statute of limitations had expired. Appellant cannot invoke Rule 1032(b) to relate the amended complaint back to the time of the writ of summons because there was no mistaken identification to correct and because Rule 1032(b) has no relation back mechanism. Appellant was aware of Manu's name when she commenced this action; she merely chose not to use it. As such, because Appellant did not join an indispensable party before the statute of limitations had expired and it was no longer possible to add Manu

as a party at the time Appellant amended her complaint, the trial court did not err in granting summary judgment in favor of Manu.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/21