J-S43029-24          2025 PA Super 84

JOSEPH GREEN : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
ANTHONY FAROLE, D.M.D., AND : No. 1483 EDA 2024
ANTHONY FAROLE, D.M.D., INC. :

Appeal from the Order Entered April 9, 2024
In the Court of Common Pleas of Montgomery County
Civil Division at No: 2023-07512

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

OPINION BY STABILE, J.:                    **FILED APRIL 14, 2025**

Appellant, Joseph Green, appeals from the April 9, 2024 order dismissing his complaint in professional negligence against Anthony Farole, D.M.D. and Anthony Farole D.M.D., Inc. (collectively, "Appellee"), for failure of service. We affirm.

Appellant alleges that Appellee committed malpractice during a dental implant procedure Appellee performed on August 14, 2020. Complaint, 4/27/2023, at ¶¶ 6-7. According to the complaint, Appellant first became aware of Appellee's malpractice on April 27, 2021, during an appointment with another doctor. *Id.* at ¶ 8. Appellant filed this complaint on April 27, 2023— exactly two years after he claims he learned of Appellee's malpractice and thus the last possible date under the statute of limitations, assuming Appellant

properly invoked the discovery rule.[1] Appellant forwarded the complaint, with payment, to the Montgomery County Sheriff's Office for service on that date. Appellant took no further action until June 9, 2023, when he filed a praecipe to reinstate his complaint. On July 5, 2023, Appellant received correspondence from the Montgomery County Sheriff's Office informing him that his complaint was not served because of errors in the way he submitted it—because there are two named defendants, the sheriff's office required a form for each defendant.[2] Also on July 5, 2023, Appellant filed another praecipe to reinstate the complaint and engaged a private process server. Appellees were served by a private server on July 10, 2023. Appellant never effected service by sheriff, as required under Pa.R.Civ.P. 400(a).[3]

On August 2, 2023, Appellee filed preliminary objections alleging, among other things, improper service of the complaint pursuant to Pa.R.Civ.P.

---

[1] 42 Pa.C.S.A. § 5524; *see **Baumgart v. Keene Bldg. Prod. Corp.***, 633 A.2d 1189, 1192 (Pa. Super. 1993) (noting that the discovery rule tolls the commencement of the statute of limitation to the date on which the plaintiff, through the exercise of diligence, first learned of the fact of a cause of action), *affirmed*, 666 A.2d 238 (Pa. 1995).

[2] The correspondence from the sheriff's office was attached to Appellant's March 1, 2024 response to Appellee's request for production of documents.

[3] "Except as provided in subdivisions (b) and (c) and in Rules 400.1 and 1930.4, original process shall be served within the Commonwealth only by the sheriff." Pa.R.Civ.P. 400(a).

1028(a)(1).[4] Appellee, without conceding the applicability of the discovery rule, noted that Appellant, by his own allegations, filed his complaint on the latest possible date from his alleged discovery of his injury. Preliminary Objections, 8/2/23, at ¶ 3. Appellee also noted that Appellant failed to effect service within 30 days of the filing of the complaint, as per Pa.R.Civ.P. 401(a). *Id.* at ¶ 7. Nor did Appellant effect service by sheriff within 30 days of the June 9, 2023 reinstatement, as required by Pa.R.Civ.P. 401(b)(4). *Id.* at 10.

Appellant filed an amended complaint on August 24, 2023 and Appellee filed a new set of preliminary objections on November 2, 2023, once again alleging improper service. On January 4, 2024, the trial court entered an order deferring disposition of the preliminary objections and giving the parties 60 days to take discovery on the issue of Appellant's good faith effort to serve original process. On April 9, 2024, the trial court entered the order on appeal, sustaining Appellee's preliminary objections and dismissing the complaint with prejudice.

Appellant's argument on appeal is twofold. First he claims the trial court erred in entertaining Appellees' statute of limitations argument during the pleading stage. Second, he argues that the trial court was wrong in

---

[4] Rule 1028(a)(1) authorizes a preliminary objection for, among other things, "improper form or service of a writ of summons or a complaint." Pa.R.Civ.P. 1028(a)(1).

- 3 -

determining that Appellant did not make a diligent effort to effect service of the complaint.

Appellant's first argument does not merit relief. While he is correct that the statute of limitations is an affirmative defense which should be reserved for an answer and new matter (**see** Pa.R.Civ.P. 1030(a)), a party's diligent attempt (or lack thereof) to effect proper service within the limitations period is cognizable as a preliminary objection under Rule 1028(a)(1). In **Gussom v. Teagle**, 247 A.3d 1046 (Pa. 2021), for example, the plaintiff failed to effect service within the statute of limitations, and the defendant filed preliminary objections based on improper service. The trial court sustained the preliminary objections, and both this Court and our Supreme Court affirmed that order.[5] **Id.** at 1058; **see also**, **McCreesh v. City of Philadelphia**, 888 A.2d 664 (Pa. 2005) (reviewing, at the preliminary objections stage, an argument that the plaintiff failed to make a diligent effort to effect service within the limitations period).

We now turn to the sufficiency of Appellant's efforts in this case. Our Supreme Court recently addressed this issue in **Ferraro v. Patterson-Erie Corp.**, 313 A.3d 987 (Pa. 2024):

> Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Importantly, without

---

[5] We note that we are not faced here with a challenge to the validity of Appellant's reliance on the discovery rule. That issue would be properly raised in a new matter.

valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her[.] Validity of service is essential, and failure to perfect service is fatal to a lawsuit.

*Id.* at 999 (internal citations and quotation marks omitted). Service of process also notifies the defendant that it is a party to a lawsuit and must defend itself. *Id.* To that end, the purpose of the statute of limitations is to "protect defendants from stale claims." *Gussom*, 247 A.3d at 1048. Thus, in some circumstances, the trial court may dismiss a complaint where the plaintiff fails to make a diligent attempt to effect service of process.

[A] trial court has discretion to dismiss a complaint when a plaintiff fails to offer proof that she diligently attempted to serve process on a defendant in a timely manner and there is no evidence to indicate that the defendant had actual notice of the commencement of the action in the relevant time frame, regardless of whether the plaintiff acted or failed to act intentionally.

*Id.*

The *Ferraro* Court clarified that actual notice must come from an attempt to serve process in accordance with the applicable procedural rules. "[T]here can be no question that when a plaintiff relies on actual notice to a defendant that an action has been commenced, that actual notice has to be the result of a good faith, but improper, effort at service of process **under the Rules**." *Ferraro* 313 A.3d at 1007 (emphasis added). "[O]ther than formal waiver of service of process, our Rules of Civil Procedure do not provide for an alternative method of notifying a defendant of the commencement of an action." *Id.* at 1008

In **Ferraro**, the plaintiff suffered a slip and fall and filed her complaint on March 4, 2020, more than five months before the statute of limitations would have expired. **Id.** at 990. As in this matter, the plaintiff filed paperwork with the local sheriff's office to have the complaint filed but, for reasons unexplained, the sheriff's office did not do so. There was no dispute, however, that the plaintiff provided the proper fee, paperwork, and instructions to the sheriff. **Id.** at 994. At some point after the complaint lapsed and without filing a praecipe to reinstate it, the plaintiff had the complaint served on the defendant by a private process server. Finally, more than two months after the statute had run, the plaintiff reinstated the complaint and had the sheriff serve it on the defendant. **Id.** at 990. The trial court denied the defendant's motion for judgment on the pleadings, and this Court affirmed.

Our Supreme Court reversed. The plaintiff argued that she should not be punished for technical missteps where, because of the plaintiff's efforts, the defendant had actual notice of the complaint. **Id.** at 997. The Supreme Court disagreed. Forwarding the complaint with payment to the sheriff was not a good faith effort to serve process. The plaintiff did not inquire whether the defendant was successfully served until eight months after the filing of the complaint and more than two months after the expiration of the statute of limitations. **Id.** at 1009. The plaintiff produced no evidence that restrictions arising from the COVID-19 pandemic delayed the sheriff's services. **Id.** at 1010. One effort at service prior to the expiration of the statute and no further

effort for more than two months afterward was "the opposite of diligence." *Id.* Significant for present purposes is the *Ferraro* Court's holding that providing a defendant with actual notice through the use of a private process server does not satisfy the plaintiff's obligation. *Id.* at 1011. Rather, as explained above, a good faith effort requires diligent but imperfect attempts at **rule-based** service of process. *Id.*

*Ferraro* is controlling here. Appellant filed the complaint on April 27, 2023, the day the statute expired. As in *Ferraro*, Appellant forwarded the complaint and payment to the Sheriff, though this case is distinct from *Ferraro* in that the instant record demonstrates that Appellant's filing with the sheriff was technically deficient. Appellant took no further action until well after the statute expired, filing a praecipe to reinstate the complaint on June 9, 2023. On July 5, 2023, upon receipt of notice from the sheriff's office that service was not completed, Appellant arranged for service to be made by a private process server, but Appellant **never** again attempted to effect service by Sheriff in accordance with Rule 400(a).

Per *Ferraro*, Appellant did not satisfy his obligation of diligence by using a private process server to provide actual notice to Appellee. Further, *Ferraro* held that filing the appropriate paperwork and fee with the sheriff's office and then waiting more than two months after the expiration of the statute of limitations to effect service by sheriff is the "opposite of diligence." Instantly, Appellant exhibited even less diligence than was evident in *Ferraro*. He

waited until the last day of the limitations period to file the complaint, then waited more the two months after the expiration of the statute—without making any inquiries to the sheriff's office—to engage a private process server. Unlike the plaintiff in **Ferraro**, Appellant never served Appellee by sheriff. For the foregoing reasons, we discern no error or abuse of discretion in the trial court's decision to dismiss Appellant's complaint with prejudice.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2025