J-S27028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| OHIO SECURITY INSURANCE, CO. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PINNACLE VENUE SERVICES, LLC | : | No. 3125 EDA 2024 |

Appeal from the Order Entered November 20, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230501866

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED AUGUST 27, 2025**

In this breach-of-contract case, the Plaintiff, Ohio Security Insurance, Co., ("the Insurance Company"), made *no attempt* to serve the Defendant, Pinnacle Venue Service, LLC ("the Insured"), for over two months after filing a complaint and allowed the statute of limitations to expire in the meantime. The Insurance Company appeals from the order sustaining preliminary objections based on untimely service of process and dismissing the complaint with prejudice. We affirm.

According to the Insurance Company, the Insured breached workers' compensation contracts by failing to pay premiums. The Insurance Company first discovered the alleged breach on May 20, 2019, following an audit. **See** Complaint at 2. The Insurance Company then waited nearly four years, until May 17, 2023, to commence this lawsuit by filing a complaint for breach of

_____

[*] Former Justice specially assigned to the Superior Court.

contract in the Court of Common Pleas of Philadelphia County. The Insurance Company's attorney was Lloyd S. Markind, Esq., who was with the firm of Burton Neil & Associates, P.C. ***See id.*** at 1.

Soon after filing the complaint, Attorney Markind learned that his firm's shareholder and manager, Yale Weinstein, Esq., embezzled nearly $1,000,000 from the trust accounts. ***See*** Insurance Company's Answer in Opposition to Insured's Preliminary Objections at 1-2. Attorney Markind contacted the Disciplinary Board of the Supreme Court of Pennsylvania to report Attorney Weinstein's actions. He "hired Fox Rothchild immediately to deal with [the situation, because the firm serves as] disciplinary counsel to the disciplinary board." N.T., 3/14/24, at 8. Acting on the advice of Fox Rothchild, Attorney Markind put all incoming funds towards protecting clients' money and paying creditors.

Much of the staff left the Burton Neil firm due to lack of pay in late May 2023. In the meantime, Attorney Markind had to establish "a temporary trust account that the Office of Disciplinary Counsel let [him] open . . . to protect client money going forward." ***Id.*** at 9. The trust opened on June 23, 2023 "just to marshal payments that were coming in, not to operate the firm." ***Id.***

Burton Neil closed. Thus, Attorney Markind had to find a new firm to handle whatever clients and case load that he could save from the collapse of Burton Neil. ***See id.*** He contacted five firms and finally found one in August of 2023.

In the chaos of the collapse, neither Attorney Markind nor the Insurance Company made any attempt to serve original process on the Insured. Nor did the Insurance Company praecipe the Office of Judicial Records of Philadelphia County to reinstate the complaint until August 22, 2023, *i.e.*, after Attorney Markind joined his new firm. *See id.* at 2. Reinstatement of the complaint occurred more than four years after the Insurance Company discovered the Insured's breach.

On September 7, 2023, a process server delivered the reinstated complaint to the Insured.[1] The Insured filed preliminary objections, including an objection based on improper and untimely service of process.

After briefing and oral argument, the trial court initially overruled the preliminary objections. The Insured then moved for reconsideration, based on *Ferraro v. Patterson-Erie Corporation*, 313 A.3d 987 (Pa. 2024), which the Supreme Court decided between the oral argument and the trial court's original decision.

Relying on *Ferraro*, the trial court granted reconsideration, sustained the preliminary objection based on untimely service of process, and dismissed the complaint with prejudice. This timely appeal followed.

---

[1] The sheriff never served original process on the Insured. However, when an action is initiated in Philadelphia County "original process may be served . . . within the county by the sheriff or a competent adult . . . ." Pa.R.C.P. 400.1(a)(1). A "competent adult" is defined as "an individual eighteen years of age or older who is neither a party to the action nor an employee or a relative of a party." Pa.R.C.P. 76.

The Insurance Company raises one appellate issue. "Did the trial court err by granting reconsideration, vacating its [original] Order, sustaining [the] preliminary objections, and dismissing [the Insurance Company's] complaint with prejudice for failure to effectuate timely service of process?" Insurance Company's Brief at 5.

According to the Insurance Company, in light of the issues that arose at the firm of Burton Neil in late May of 2023 and Attorney Markind's struggle to protect clients from Attorney Weinstein's embezzlement, the trial court erred as matter of law by dismissing the complaint with prejudice. In the Insurance Company's view, Attorney Markind did the best his could under the dire circumstances and therefore diligently and timely served process upon the Insured. *See id.* at 13-18. It claims that the total collapse of a plaintiff's law firm was not a situation that the drafters of the Rules of Civil Procedure considered when crafting the service-of-process rules.

"[T]he issue of whether plaintiff demonstrated a good faith effort to effectuate service of process is a question of law for which our scope of review is plenary, and our standard of review is de novo." *Ferraro*, 313 A.3d at 994 n.10 (some punctuation omitted).

In *Ferraro*, the plaintiff filed a complaint in negligence five months within the statute of limitations and forwarded instruction and payment to the sheriff to serve the complaint. One attempt at service failed, but rather than "reinstating the complaint and again attempting service through the sheriff or seeking leave of court to utilize an alternative method of service, Ferraro's

counsel opted to informally notify [the defendant] that a lawsuit was filed, having a private process service deliver to [the defendant] a copy of the original (unreinstated) complaint." *Id.* at 1000. Ferraro and counsel knew this method did not qualify as an attempt to effectuate service of original process in the county at issue.

In the ensuing months, plaintiff never retried service of process under the rules, and she allowed the complaint to lapse without reinstatement. It was not until two-and-a-half months after the statute of limitations expired that Ferraro reinstated the Complaint and effectuated rule-compliant service by sheriff. *Id.* at 1006. The defendant filed an answer and new matter asserting the action was barred by the statute of limitations, because Ferraro neither effectuated service of process nor reinstated the lapsed complaint before expiration of the statute of limitations. The trial court refused to dismiss the complaint for untimely service of process, and, on interlocutory appeal by permission, this Court affirmed.

The Supreme Court of Pennsylvania granted the defendant's petition for allowance of appeal and reversed. The defendant argued that it was the plaintiff's "burden to prove that she made a good faith effort to effectuate service in a timely manner[, and that] without it, commencement of the action is nullified, and the statute of limitations is not tolled." *Id.* at 995.

While the Supreme Court considered the issue of 'whether defective service constituted a good faith effort to effectuate service' under our precedent[,]" *Id.* (quoting **McCreesh v. City of Philadelphia**, 888 A.2d 664,

668 n.9 (Pa. 2005)) (italics added), important to our purposes here, the High Court also examined the elements of a good faith effort to give notice. As an overview, the **Ferraro** Court reviewed pertinent rules of civil procedure and interpretive decisional law governing service of process. The Supreme Court also explained the requirement that a plaintiff provide a defendant with timely notice of the legal action against them. **Id.** at 1001-02.

In doing so, the High Court discussed its "equivalent rule", which limits the time in which a plaintiff may reissue the writ or complaint and effectuate service of process to a period equal to the applicable statute of limitations period. This rule seeks to curb the abusive practice of a plaintiff interminably delaying notice of a timely-filed legal action. **Id.** at 1002. Over time, the equivalent rule evolved "to require a plaintiff to engage in a good faith effort to effectuate service of process." **Id.** Under **Gussom v. Teagle**, 247 A.3d 1046 (Pa. 2021), the **Ferraro** Court noted that the inquiry "require[s] the plaintiff 'to prove that she made a good faith effort to effectuate service of process in a timely manner.'" **Id.** at 1105 (quoting **Gussom**, 247 A.3d at 1056).

The plaintiff in **Ferraro** argued that her good faith effort to effectuate service on the defendant was established by a record showing she provided the sheriff with payment and instructions necessary for rule-compliant service of process upon the defendant within the limitations period. The Supreme Court expressed concern, however, about the eight months of plaintiff's inaction from the time she forwarded the complaint to the sheriff for service

to the time she first inquired about such service and only thereafter reinitiated attempts and accomplished service. *Id.* at 1009.

Particularly problematic, the High Court observed, was that during this lengthy period of inactivity, the plaintiff neither made additional efforts to effectuate service nor reinstated the complaint to maintain its vitality given the proximity of the original statute of limitations run date. The Supreme Court opined as follows:

> Ferraro first posits that her initial instruction to the Sheriff is sufficient to establish her good faith effort to effectuate service of process on the defendant. In her view, even if she knew the attempt at service failed, her use of the private process server to follow up and give notice evidences that she did not intend to stall the litigation. We reiterate that the good faith effort is to diligently and timely **serve process** on the defendant. Here, aside from forwarding the Complaint for service to the Sheriff with payment, Ferraro made no efforts to inquire about or perfect service until nearly eight months after filing the Complaint and more than two months after the original date of the statute of limitations. Plaintiff's inaction in failing to effectuate service in proximity to the original statute of limitations run date is critical in the analysis of the good faith in plaintiff's efforts. Although the statute of limitations is tolled by the filing of a Complaint or writ, the original date that the statute of limitations would have run is relevant because that is the moment at which the defendant is entitled to protection against stale claims. Here, the date is August 26, 2020. The vitality of the original Complaint expired in or around the end of April 2020 (thirty days after the filing of the Complaint) and no effort was made to reinstate the Complaint prior to August 26, 2020. The Complaint was not reinstated and instructions for service were not reissued until November 3, 2020 (sixty-nine days after the original statute of limitations expired). Ferraro produced **no evidence** to account for the lack of effort to effectuate service during this time period or for four months preceding it and after the original attempt at service failed.

. . . .

- 7 -

Under the facts of this case, Ferraro failed to carry her initial burden of demonstrating that she made a good faith effort to diligently and timely serve process on [the defendant]. One effort of service of process prior to the date on which the statute of limitations would have expired and no further effort until over two months after the expiration date is the opposite of diligence in timely serving process on the defendant.

*Id.* at 1009-10 (emphasis in original).

The **Ferraro** "good faith effort" analysis controls the present matter. Ferraro stands for the proposition that, when a plaintiff files a lawsuit, the plaintiff must make immediate and repeated attempts to perfect original service of process. Here, Attorney Markind admitted at oral arguments that he made no such attempts until over two months after the statue of limitations had elapsed.

At least in **Ferraro** the plaintiff made an initial attempt after filing the complaint to have the sheriff serve original process. That attempt inexplicably failed.

In this case, by contrast, The Insurance Company made no such initial attempt. It simply filed the complaint and let it lapse for over two months without trying to serve original process at all. Under **Ferraro**, no attempt made cannot possibly constitute a good-faith effort to diligently serve the complaint, notwithstanding the theft of trust-account funds that Attorney Weinstein perpetrated at Burton Neil. We agree with the trial court that this illegality is no excuse.

Firms close all the time. Even when those closures occur under the worst of circumstances, the Rules of Civil Procedure presume that the

attorneys at those defunct firms will make provision for all their cases and ensure against the lapse of deadlines, such as the statute of limitations or the time frame in which to perfect original service of process. Moreover, the Insurance Company, which is part of Liberty Mutual, certainly had the money to pay for a process server if Attorney Markind had asked it to send a check made out to the process-service company. Thus, any claim that the collapsing firm had no money to pay a process server is unpersuasive. **See also Green v. Farole**, 335 A.3d 771, 776 (Pa. Super. 2025) (holding that, under **Ferraro**, plaintiff failed to make a diligent attempt to effect service upon a dentist and dental practice within two-year statute of limitations for professional negligence, where plaintiff "waited until the last day of the limitations period to file the complaint, then waited more the two months after the expiration of the statute — without making any inquiries to the sheriff's office — to engage a private process server.").

Accordingly, the trial court correctly sustained the Insured's preliminary objections to untimely service under **Ferraro** and **Green**. The Insurance Company's appellate issue warrants no relief.

Order affirmed.

Judge Stevens joins. Judge Stabile concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 8/27/2025