J-A20021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RAFAEL VARGAS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNITED MODULAR ENTERPRISES | : | No. 396 EDA 2025 |
| AND WILLIAM FERTSCH AND JOHN | : | |
| DOES 1-5 | : | |

Appeal from the Order Entered January 16, 2025
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2022-05051

BEFORE:   MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED NOVEMBER 13, 2025**

Rafael Vargas appeals from the order sustaining the preliminary objections of United Modular Enterprises ("UME") and William Fertsch (collectively, "Appellees") and dismissing his complaint with prejudice. Vargas argues the court erred in dismissing the complaint on the basis that he failed to make good faith efforts to timely serve it on Appellees. We affirm.

Vargas commenced this action by filing a complaint in Philadelphia County on February 12, 2021. The complaint brought claims of negligence and alleged that Vargas sustained damages when a tractor-trailer driven by Fertsch and "leased, owned and/or controlled" by UME collided with Vargas's

_____

[*] Retired Senior Judge assigned to the Superior Court.

car.[1] Vargas alleged the accident occurred on February 20, 2019 – nearly two years before he filed the complaint. Counsel for Appellees entered their appearances on the day Vargas filed the complaint. Vargas did not serve Appellees with the complaint.

Five months later, in July 2021, Vargas filed a praecipe to have the complaint reinstated. The sheriff then made three unsuccessful attempts to serve Appellees at Fertsch's home, which is also the principal place of business of UME.

Vargas had the complaint reinstated a second time in August 2021, after which the sheriff made an additional four unsuccessful attempts at service.

On December 28, 2021, Vargas filed a motion for alternative service. The court denied the motion, finding Vargas had not made a good-faith effort to locate Appellees and had not shown practical efforts to serve Appellees under the circumstances. Order, January 4, 2022.

In late January 2022, Vargas filed another praecipe for reinstatement of the complaint. After the complaint was reinstated for the third time, on February 8, 2022, Vargas filed a second motion for alternative service. This time, on February 14, 2022, the court granted the motion, finding that Vargas had made good faith efforts to locate Appellees and had shown practical efforts to serve Appellees. Order, February 14, 2022. It allowed Vargas to serve the complaint by mail and posting.

_____

[1] Third Am. Comp., filed 12/19/2022, at 4.

Vargas served Appellees on February 27, 2022, by posting the complaint on the front door of Fertsch's home. Just a few days later, on March 2, 2022, Appellees filed preliminary objections. Attached to the objections was an affidavit that Fertsch had sworn out on February 24, 2022 – prior to service – and which listed the docket number of the case.

Vargas filed an amended complaint, and Appellees filed a second round of preliminary objections. The Court of Common Pleas of Philadelphia County sustained Appellees' preliminary objections as to venue and transferred the case to Bucks County.

After further pleadings, Appellees filed preliminary objections to the third amended complaint, arguing that the statute of limitations had expired. Vargas filed a response.

The court first considered that the relevant statute of limitations was two years and that it expired on February 20, 2021, eight days after Vargas filed the complaint. Trial Ct. Op., filed 6/30/23, at 6 (citing 42 Pa.C.S.A. § 5524(2), Pa.R.Civ.P. 1007), 10. The court noted that while Vargas filed the complaint within this deadline, he failed to serve Appellees within 30 days of filing the complaint. *See id.* at 6 (citing Pa.R.Civ.P. 401(a)), 10. The court stated that, pursuant to the *Lamp* rule[2] and its progeny,[3] Vargas was

_____

[2] *Lamp v. Heyman*, 366 A.2d 882, 884 (Pa. 1976).

[3] The court analyzed *Farinacci v. Beaver Cnty. Indus. Dev. Auth.*, 511 A.2d 757, 758 (Pa. 1986), and *Gussom v. Teagle*, 247 A.3d 1046, 1049 (Pa. 2021).

- 3 -

therefore required to offer "sufficient evidence that [he] made good-faith efforts to file the complaint and serve timely[.]" *Id.* at 9. The court observed that Vargas had not attempted to serve Appellees until July 2021, "well past the thirty-day requirement for proper service upon Appellees," and did not effectively serve Appellees until February 2022, approximately a year after he filed the complaint. *Id.* at 10. The court concluded that Vargas had failed to provide any evidence "that he made good-faith efforts to serve Appellees on time," or offer any reason why he did not "initiate his service attempts for five months after he filed his original [c]omplaint." *Id.* The court sustained the preliminary objections and dismissed the complaint with prejudice.[4]

Vargas appealed. He presents a single issue: "Did Mr. Vargas engage in good-faith efforts to serve [Appellees] and prove that [Appellees] were punctually put on notice of the action?" Vargas's Br. at 2.

Vargas asserts that dismissal is only warranted when,

[(1)] a plaintiff fails to offer proof that she diligently attempted to serve process on a defendant in a timely manner **and** [(2)] there is no evidence to indicate that the defendant had actual notice of the commencement of the action in the relevant time frame, regardless of whether the plaintiff acted or failed to act intentionally.

---

[4] The court initially entered an order dismissing the complaint only as to UME and Fertsch, but not John Does 1-5, who were listed as defendants on the complaint. Vargas appealed from the order, and this Court quashed the appeal *sua sponte* because the order did not dispose of all parties. *See* No. 1167 EDA 2023 (Pa.Super. filed December 14, 2023) (Judgment Order). The trial court entered another order dismissing the complaint as to all parties, and Vargas appealed from that order.

- 4 -

*Id.* at 10 (quoting *Gussom*, 247 A.3d at 1048) (emphasis added); *see also id.* at 10 (quoting *Ferraro v. Patterson-Erie Corp.*, 313 A.3d 987, 1011 (Pa. 2024)). Vargas argues this is a two-pronged test, and dismissal here fails under either prong.

Vargas first argues the court erred in failing to find he diligently attempted to serve Appellees in a timely manner. He points to the sheriff's unsuccessful attempts to serve Appellees and his request for alternative service. Vargas contends these are "quintessential good-faith efforts." *Id.* at 11. Vargas also emphasizes that when granting his motion for alternative service in February 2022, Philadelphia County ruled that Vargas "has made a good faith efforts to locate [Appellees]" and "has shown practical efforts to serve [Appellees] under the circumstances." *Id.* (quoting Order, February 14, 2022) (emphasis removed). He contends this holding was binding on Bucks County, and Bucks County's contrary holding as to his good faith efforts violates the law of the case doctrine and the coordinate jurisdiction rule.

Vargas argues that even if he failed to provide proof of his good faith efforts at service, the court erred in dismissing the complaint because he provided evidence that Appellees had actual notice of the commencement of the action. He asserts that the parties negotiated prior to the commencement of the suit, and Appellees' attorneys entered their appearances the same day he filed the complaint. He also points out that Appellees filed their first preliminary objections just days after he posted service on Fertsch's front door. They attached an affidavit, containing the docket number for the case,

that Fertsch attested to on February 24, 2022 – three days before service occurred. Vargas asserts that these facts prove Appellees had actual notice of the suit. Vargas claims that it was Appellees, and not he, who engaged in dilatory tactics to stall the case.

Finally, Vargas argues the court should have conducted an evidentiary hearing so that it could make the determination "on a full evidential record." **Id.** at 13 (citing **Ferraro**, 313 A.3d at 991 n.2).

"Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law." **Joyce v. Erie Ins. Exch.**, 74 A.3d 157, 162 (Pa.Super. 2013) (citation omitted). "[W]hether [a] plaintiff demonstrated a good faith effort to effectuate service of process is a question of law for which 'our scope of review is plenary, and our standard of review is *de novo*.'" **Ferraro**, 313 A.3d at 994 n.10 (citation omitted).

We first reject Vargas's argument that proof of actual notice relieves him of the obligation to make good faith efforts to serve the complaint. While the **Gussom** Court held that the trial court may consider whether the defendants had actual notice of the action, this was within the context of the court's factual determination as to whether the plaintiff had made good faith efforts to serve the defendants within the applicable time:

> **Lamp** and its progeny require a plaintiff to make a good faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good faith mandate. If a

- 6 -

plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, . . . a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service **resulted in** the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

*Gussom*, 247 A.3d at 1057 (emphasis added). Thus, *Gussom* held that actual notice is only relevant where the plaintiff makes "improper but diligent attempts at service" which **result** in actual notice, and the plaintiff has not "evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant." *Id.*

In *Ferraro*, the Supreme Court "clarified that actual notice must come from an attempt to serve process in accordance with the applicable procedural rules." *Green v. Farole*, 335 A.3d 771, 774-75 (Pa.Super. 2025); *see also* *Ferraro*, 313 A.3d at 1010-11 ("Our allowance of a deviation from strict compliance with our service rules when notice is imparted to the defendant **is tied to a good faith effort to comply with the Rules**") (emphasis added). The *Ferraro* Court noted that in rejecting the dissent's view, the *Gussom* majority had held "that when a plaintiff relies on actual notice to a defendant that an action has been commenced, that actual notice has to be the result of a good faith, but improper, effort at service of process under the Rules." *Green*, 335 A.3d at 775 (quoting *Ferraro*, 313 A.3d at 1007). The Court held

that because the plaintiff in **Ferraro** had "failed to meet her burden of demonstrating that she made a good faith effort in diligently and timely serving process" on the defendant, the defendant's "informal receipt of actual notice [wa]s irrelevant." **Ferraro**, 313 A.3d at 1011.

Here, therefore, it is of no moment whether Appellees had actual notice of this action, absent proof that the actual notice resulted from Vargas's good faith efforts to timely serve Appellees in accordance with the Rules.

We find no error in the trial court's conclusion that no such proof has been presented. Vargas filed his complaint eight days before the statute of limitations expired, and he made no attempts at service for five months. We therefore affirm the trial court's finding that Vargas failed to establish he made a good faith attempt at timely serving the complaint in accordance with the Rules. **See Ferraro**, 313 A.3d at 1010 (concluding that "[o]ne effort of service of process prior to the date on which the statute of limitations would have expired and no further effort until over two months after the expiration date is the opposite of diligence in timely serving process on the defendant").[5]

---

[5] **See also Gussom**, 247 A.3d at 1057 (finding dismissal warranted where plaintiff made only one attempt at service until a month after the statute of limitations had expired); **Green**, 335 A.3d at 775-76 (finding no good faith attempt where plaintiff filed the complaint on the day the statute of limitations expired and thereafter only made deficient attempts at service); **Ohio Sec. Ins., Co. v. Pinnacle Venue Servs., LLC**, No. 3125 EDA 2024, 2025 WL 2463756, at *4 (Pa.Super. filed Aug. 27, 2025) (unpublished mem.) (finding no good faith attempt where plaintiff "simply filed the complaint and let it lapse for over two months without trying to serve original process at all," and statute of limitations expired in the meantime).

Next, we reject Vargas's argument that the trial court's ruling conflicts with the order granting his motion for alternative service, such that it violates the coordinate jurisdiction rule. The coordinate jurisdiction rule does not apply to decisions on motions that "differ in kind." ***Parker v. Freilich***, 803 A.2d 738, 745 (Pa.Super. 2002) (cleaned up). In granting Vargas's motion for alternative service, the trial court was only considering the methods of service that Vargas had already attempted and his efforts to locate Appellees, not whether he had made reasonable attempts to effect timely service. ***See*** Pa.R.Civ.P. 430(a) (stating motion for alternative service must include "an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made"). The trial court was permitted to reach a different conclusion on whether Vargas had made good faith attempts to diligently and promptly serve the complaint pursuant to the Rules, when deciding preliminary objections.[6]

Finally, we find no merit to Vargas's argument that the court should have held an evidentiary hearing. Vargas does not explain what material facts are in dispute.

Order affirmed.

---

[6] We further note that the court denied Vargas's first motion for alternative service, finding that at that time – well after the expiration of the statute – he had **not** made good faith efforts to serve Appellees. Clearly, Vargas does not argue that that decision should have been binding on the trial court.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/13/2025</u>